**Patrick LAVENDER, Petitioner–**
**Appellant,**

v.

**Darlene DREW, Warden, United States**
**of America, Respondents–Appellees.**

**No. 07–11158**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 27, 2007.

Patrick Lavender, Montgomery, AL, pro se.

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Patrick Lavender, a *pro se* federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, in which he argued that the sentencing court lacked personal jurisdiction over him because he was seized without due process of law. The district court determined that § 2255's "savings clause" was not available to allow him to file under § 2241.

We review the availability of habeas relief under § 2241 *de novo*. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944 (11th Cir.2005). Typically, a collateral attack on a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir.2003). Under limited circumstances, however, a provision of § 2255, known as the "savings clause," permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241 after the limitation period if a petition under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. §§ 2241(a), 2255 ¶ 5. We have held that the savings clause only applies when the petitioner shows

> 1) that the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of the Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir.1999).

Here, Lavender is precluded from seeking relief under § 2241 because § 2255's "savings clause" does not apply. He has failed to satisfy the first prong of the *Wofford* test because his claim is not based on a retroactive Supreme Court decision, and we need not address the remaining prongs. *See Wofford*, 177 F.3d at 1244–45. After careful review of the record and the briefs of both parties, we discern no reversible error.

**AFFIRMED.**